UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANEL DORN,

      Plaintiff,

vs.

SCHOOL BOARD OF
SARASOTA COUNTY,

      Defendant.
_____/

Case Number:

## COMPLAINT

The Plaintiff, Janel Dorn (hereinafter "Plaintiff"), by and through her undersigned counsel, sues the Defendant, School Board of Sarasota County, (hereinafter "Defendant"), and alleges the following:

### INTRODUCTION

1. This is an action against the Defendant for damages pursuant to the Florida Whistleblower Act, §112.3187, et seq., and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. (hereinafter "FMLA").

### JURISDICTION AND VENUE

2. This is an action seeking damages that exceed $15,000.00, exclusive of interest, attorneys' fees and costs. Accordingly, this Court has subject matter jurisdiction over this action.

3. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Sarasota County, Florida.

### PARTIES

4. Plaintiff is a citizen of the United States and a resident of Sarasota County, Florida.

- 1 -

5.  Defendant is a constitutionally created body pursuant to Article IX, §4, Fla. Const., and §1001.32(2), Fla. Stat., and a corporation pursuant to §1001.40, Fla. Stat., with the power to sue and be sued.  It operates the School District of Sarasota County, Florida (hereinafter "District").

6.  At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes, and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

7.  Plaintiff began her tenure with Defendant as a student intern in 2004, was hired as a Teacher in 2005, and was promoted to an administrative position as Assistant Principal (hereinafter "AP") in 2012 and then to the position of Principal in 2016.

8.  Between February 2018 and September 2018, while employed as Principal of Sarasota Middle School (hereinafter "SMS"), Plaintiff reported concerns in writing to Karen Rose (hereinafter "Rose"), Former Executive Director of Middle Schools regarding district-level actions and decisions that placed students, staff and SMS in danger.

9.  Specifically, on February 10, 2018, Plaintiff sent an email message to Rose expressing concerns regarding the return to SMS of an employee (hereinafter "SMS employee") who had previously been out on administrative leave due to the perception that she was an actual and/or perceived danger to self and others.

10. Following her February 2018 email, despite the growth in middle schools, Plaintiff's Highly Effective rating as Principal at SMS and SMS's recognition as an "A school" in the 2017-2018 school year, Plaintiff was harassed

and retaliated against including but not limited to being subjected to unwarranted criticism and being assigned a "coach" by Laura Kingsley (hereinafter "Kingsley"), Assistant Superintendent, and Stephen Cantees (hereinafter "Cantees"), Executive Director of Secondary Schools.

11. On or around October 4, 2018, without notice, Plaintiff was demoted to AP and immediately reassigned to North Port High School.

12. On or about October 15, 2018, Plaintiff began serving in her demoted position as AP at North Port High School.

13. In or about October 2018, Plaintiff was diagnosed with anxiety and depression by a mental health professional.

14. Pursuant to her mental health professional's recommendation, Plaintiff took leave under the FMLA approved by Defendant beginning October 22, 2018 through December 1, 2018.

15. Plaintiff returned to her demoted position as AP at North Port High School on December 2, 2018.

16. Following her return from leave, and as a result of her engaging in protected whistleblower activity, Defendant retaliated against Plaintiff's husband, Brian Dorn (hereinafter "B. Dorn"), also an administrator employed by Defendant, by including but not limited to notifying him on December 20, 2018 of possible non-renewal of his administrative contract despite never receiving anything but "Highly Effective" ratings as an administrator throughout his tenure. B. Dorn's retaliation and resulting damages are the subject of a separate action.

17. Defendant's retaliation of B. Dorn intensified Plaintiff's anxiety and depression.

18.     Pursuant to the recommendation of her mental health professional, Plaintiff requested additional FMLA leave and was approved for same from January 22, 2019 through March 5, 2019.

19.     While Plaintiff was out on FMLA leave, on or about January 23, 2019, Plaintiff and B. Dorn contacted Al Harayda (hereinafter "Harayda") in HR to inquire regarding FMLA procedures as he was also suffering from depression and emotional distress resulting from the retaliation by Defendant.

20.     During their conversation, Harayda advised Plaintiff that, in an Executive Director Cabinet meeting earlier that week, there was discussion as to how they could proceed with disciplinary action against Plaintiff and B. Dorn for alleged job abandonment, and advised that B. Dorn and Plaintiff should submit the FMLA paperwork as soon as possible.

21.     At the exhaustion of her FMLA leave, Plaintiff took sick time and vacation time as she was still not mentally ready to return to work.

22.     On or around April 19, 2019, Plaintiff sought and was approved for unpaid leave for the remainder of the 2018-2019 school year and for the 2019-2020 school year.

23.     On or about May 2, 2019, Plaintiff submitted a formal grievance to the District asserting that she was the subject of retaliation for engaging in her protected whistleblower conduct.

24.     On or around May 16, 2019, Defendant retained Nikhil Joshi, Esq., to investigate Plaintiff's grievance.  The investigation remains pending to date.

25.     On June 30, 2019, Plaintiff's administrator contract was non-renewed.

## COUNT I
## UNLAWFUL RETALIATION AND/OR TERMINATION PURSUANT TO FLA. STAT. §112.3187, ET SEQ.

26. Plaintiff realleges paragraphs 1-25 as if fully set forth herein.

27. As detailed above, Plaintiff submitted a written complaint to Rose alleging concerns regarding the SMS employee and disclosing violations or suspected violations of federal, state, or local law, rule, or regulation committed by the District and objecting to activities, policies and practices of Defendant that are in violation of a law, rule or regulation creating and presenting a substantial and specific danger to the public's health, safety, or welfare.

28. As detailed above, Plaintiff's disclosure resulted in Plaintiff's demotion and ultimate nonrenewal of her administrative contract.

29. Defendant's actions, including Plaintiff's demotion and nonrenewal, as well as the harassment, intimidation, humiliation and embarrassment inflicted upon Plaintiff constituted "retaliatory personnel actions" as defined by §112.3187(3)(c), Florida Statutes and forbidden by §112.3187(4)(a) and (b).

30. Plaintiff has no administrative remedies available to her to appeal her demotion, nonrenewal or other retaliatory personnel actions. SBSC has not established an administrative procedure by ordinance nor have they contracted with the Division of Administrative Hearings for handling whistleblower complaints pursuant to §112.3187(8)(b), Florida Statutes.

31. Therefore, Plaintiff has exhausted all administrative remedies prerequisite to bringing this action.

32. Plaintiff, as a direct, natural and proximate cause of the actions of Defendant, has suffered loss of professional standing and position, emotional distress,

embarrassment, humiliation, mental anguish and damage to her good name and reputation, all of which injuries are continuing and permanent.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the remedies envisioned at §112.3187, as follows:

(a)   Reinstatement of Plaintiff to the same position that she held before the retaliatory personnel action, or to an equivalent position, or reasonable front pay as alternative relief;

(b)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(c)   Compensation for any lost wages, front pay, back pay, benefits, and other remuneration;

(d)   Any and all other compensatory damages available at law including those for all non-pecuniary losses, including mental anguish, emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life in amounts to be proven at trial;

(e)   An award of reasonable attorney's fees and costs incurred in this action;

(f)   Punitive damages;

(g)   Pre- and post-judgment interest;

and

(h)   Such other and further relief as this Court or the Jury deems to be just and equitable.

## COUNT II
## INTERFERENCE WITH FMLA PROTECTED LEAVE

33.   Plaintiff realleges paragraphs 1-25 as if fully set forth herein.

34.   As set forth above, Defendant interfered with, restrained, or denied Plaintiff

leave that is protected by the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

(a)     A judgment that Defendant's actions as set forth herein violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

(b)     Reinstatement of Plaintiff to the same or equivalent position held before her request for FMLA leave with the same terms, conditions and benefits or an award of front pay;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

(e)     Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

(f)     Any other additional relief as the Court deems just and proper.

## COUNT III
## FMLA RETALIATION

35.     Plaintiff realleges paragraphs 1-25 as if fully set forth herein.

36.     As set forth above, Defendant retaliated against Plaintiff because of Plaintiff's request for and use of FMLA protected leave.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

(a)     A judgment that Defendant's actions as set forth herein violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

(b)     Reinstatement of Plaintiff to the same or equivalent position held before her request for FMLA leave with the same terms, conditions and benefits or an award of front pay;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

(e)     Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

(f)     Any other additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all matters so triable.

Dated this 14th day of December 2019.

Respectfully submitted,

*/s/M. Michele Leach-Pachinger*
M. Michele Leach-Pachinger, Esq.
Leach-Pachinger Law & Mediations, PLLC
Florida Bar No.:  007110
4112  53rd Avenue East, #20802
Bradenton, FL  34204
Tele:     (941) 752-2240
Fax:      (888) 506-3410
mlp@lplaw-mediations.com
AND
*/s/ Craig L. Berman*
Craig L. Berman, Esq.
Berman Law Firm, P.A.
Florida Bar No.: 0068977
111 2nd Ave., Suite 706
St. Petersburg, FL 33701
Telephone No.: (727) 550-8989
Facsimile No.:  (727) 894-6251
Craig@bermanlawpa.com

TRIAL COUNSEL FOR PLAINTIFF